IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                                No. CR 16-0838 JB

GLENN GENE FERNANDEZ

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) the Defendant's Objections to Pre-Sentence Report, filed August 23, 2016 (Doc. 35)("Objections"); and (ii) the Defendant's Supplemental Objections to Pre-Sentence Report, filed August 25, 2016 (Doc. 38) ("Supplemental Objections"). The Court held a sentencing hearing on August 26, 2016. The primary issue is whether Defendant Glenn Gene Fernandez' conviction for Sexual Battery by the 2004 Superior Court of California was a misdemeanor sexual offense, and, accordingly, whether he is a federal offender within Tier II[1] or Tier III[2] for Sentencing Guideline purposes. See

---

[1] Under 42 U.S.C. § 16911(3), a "tier II sex offender" means a sex offender other than a tier III sex offender whose offense is punishable by imprisonment for more than one year and:

    (A) is comparable to or more severe than the following offenses, when committed against a minor, or an attempt or conspiracy to commit such an offense against a minor:

        (i) sex trafficking;

        (ii) coercion and enticement;

        (iii) transportation with intent to engage in criminal sexual activity;

        (iv) abusive sexual contact;

- 2 -

Objections at 1; Presentence Investigation Report ¶ 16, at 5, filed June 3, 2016 (Doc. 21)("PSR"). Because the Court concludes that: (i) California Penal Code §§ 17(b)(1) and 17(b)(4) explicitly classify the underlying 2004 offense as a misdemeanor; (ii) Fernandez was sentenced to one year imprisonment for the 2004 offense; and (iii) Tier II and Tier III require the underlying offense to be "punishable by imprisonment for more than 1 year," the Court sustains Fernandez' objection.

On or about August 7, 2000, Fernandez touched the groin of another person against her will, and for the specific purpose of sexual arousal, sexual gratification, and sexual abuse. See Felony Complaint at 1, filed August 23, 2016 (Doc 35-1)("Complaint"). In the state action,

---

(B) involves --

(i) use of a minor in a sexual performance;

(ii) solicitation of a minor to practice prostitution; or

(iii) production or distribution of child pornography; or

(C) occurs after the offender becomes a tier I sex offender.

42 U.S.C. § 16911(3).

[2]Under 42 U.S.C. § 16911(4), a "tier III sex offender" means a sex offender whose offense is punishable by imprisonment for more than one year and:

(A) is comparable to or more severe than the following offenses, or an attempt or conspiracy to commit such an offense:

(i) aggravated sexual abuse or sexual abuse;

(ii) abusive sexual contact against a minor who has not attained the age of 13 years;

(B) involves kidnapping of a minor (unless committed by a parent or guardian); or

(C) occurs after the offender becomes a tier II sex offender.

42 U.S.C. § 16911.

Fernandez was charged with felony false imprisonment, a violation of California Penal Code §§ 236-37, and with sexual battery, in violation of California Penal Code § 243(d). See Complaint at 1. All parties in this federal case agree that the sexual battery offense was a "wobbler" under California Penal Code § 243(d), meaning that it could have been prosecuted as either a misdemeanor or as a felony.

Fernandez contends that he is a Tier I sex offender with a sentencing guideline range of 12-18 months for three reasons. See Supplemental Objection at 3-5. First, Fernandez maintains that he always has been charged with and convicted of only a misdemeanor sexual battery, a charge punishable by less than one year. See Objections at 1. Second, Fernandez avers that there is nothing in the California Sexual Battery Statute's definition of Sexual Battery that fulfills the definitional elements of "Sexual Act" as defined in 42 U.S.C. § 16911(4)(A)(i), and that his conviction therefore was not a sexual abuse case -- a requirement for categorizing him as a Tier II sex offender. See Supplemental Objections at 4. According to Fernandez, the California Penal Code does not even list Sexual Battery under sexual offenses, instead listing it under battery offenses. See Supplemental Objections at 4. Third, Fernandez asserts that his state conviction does not satisfy any of the definitions for an offense under Tier III, as his offense: (i) did not involve a minor; and (ii) Fernandez was not a Tier II sex offender before his sole conviction. See Supplemental Objections at 3.

The United States Probation Office ("USPO") disagrees, maintaining Fernandez is a Tier III sex offender, see PSR ¶ 16, at 5, with a sentencing guideline range of 24-30 months, see PSR ¶ 81, at 17. According to the USPO, Fernandez "was exposed to a potential sentence of four years for the Sexual Battery." Addendum to the PSR at 1, filed August 24, 2016 (Doc. 35)("Addendum"). The USPO therefore maintains that it is an offense "punishable by

imprisonment of more than one year," meaning he is a Tier III sex offender.  Addendum at 1.  The Plaintiff United States of America, however, agrees with Fernandez and disagrees with the USPO, conceding that Fernandez' tier classification is Tier I.  See Response, filed August 25, 2016 (Doc. 37)("Response").

The Court agrees with the United States and Fernandez that Fernandez' appropriate classification is Tier I.  "Wobblers" can be punished as either a felony or a misdemeanor.  See United States v. Hernandez-Castillo, 449 F.3d 1127, 1129 (10th Cir. 2006).  In California, a wobbler is presumptively a felony, see Ewing v. California, 538 U.S. 11, 16 (2003), but it is enough for the prosecutor to file a wobbler as a misdemeanor for it to qualify as such.  See Cal. Penal Code § 17(b)(4).  Moreover, the wobbler is a misdemeanor if the judgment indicates a sentence of less than a year in state prison or "explicitly classifies the offense as a misdemeanor."  United States v. Hernandez-Castillo, 449 F. 3d at 1132.  See United State v. Bridgeforth, 441 F.3d 864, 872 (9th Cir. 2006)("When the California court sentenced Bridgeforth to 365 days in county jail, section 17(b)(1) of the California Penal Code operated to convert that offense to a misdemeanor 'for all purposes.'").

The USPO errs by claiming that Fernandez is a Tier III sex offender, because Tier III only applies when a sexual offense is committed against a minor, or the offender attempts or conspires to commit such an offense against a minor.  See 42 U.S.C. § 16911(3).  Nor is Fernandez a Tier II sexual offender, because Tier II requires that the underlying offense be "punishable by imprisonment for more than 1 year," and Fernandez was sentenced to one year imprisonment in a county jail.  See Final Judgment, filed August 25, 2016 (Doc. 37-1).  The Court, therefore, sustains Fernandez' objection to his Tier classification and concludes that his prior offense is a Tier I offense.

**IT IS ORDERED** that: (i) the Defendant's Objections to Pre-Sentence Report, filed August 23, 2016 (Doc. 35); and (ii) the Defendant's Supplemental Objections to Pre-Sentence Report, filed August 25, 2016 (Doc. 38), are sustained.  The correct offense level in this case is 9, with a criminal history category of IV, resulting in a guidelines sentencing range of 12-18 months.

                                                                                               _____
                                                                    UNITED STATES DISTRICT JUDGE

*Counsel:*

Damon P. Martinez
  United States Attorney
Raquel Ruiz-Velez
  Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

      *Attorneys for the Plaintiffs*

Irma Rivas
  Assistant Federal Public Defender
Office of the Federal Public Defender
Albuquerque, New Mexico

      *Attorney for the Defendant*